**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------ x
UNITED STATES OF AMERICA,

        -against-

JAQWAN SUTTON,

                Defendant.
------------------------------------ x

MEMORANDUM DECISION AND ORDER

16 Crim. 801-6 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Defendant moves for a reduction in sentence and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Letter dated June 16, 2020 ("Compassionate Release Letter"), ECF No. 153; Letter dated June 26, 2020, ECF No. 154; Letter dated July 8, 2020, ("Reply Letter"), ECF No. 158.) The Government opposes Defendant's motion. (Letter dated July 7, 2020 ("Gov't Opp'n"), ECF No. 157.)

    On August 8, 2018, this Court sentenced Defendant to 60 months' imprisonment, after Defendant pled guilty to conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). (J. in a Crim. Case, ECF No. 131.) With good time credit, Defendant is expected to be released on March 30, 2021.

    As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to

United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Here, Defendant argues that the COVID-19 pandemic, combined with the conditions at FCI Fort Dix, where he is held, and his particular medical vulnerabilities present an extraordinary and compelling reason for release. (Compassionate Release Letter at 8.)

Defendant suffers from a variety of medical conditions, including a long-standing heart murmur, elevated Body Mass Index (BMI), a condition he describes as a "hole in the heart," chronic lower back and shoulder pain, and PTSD. (Compassionate Release Letter at 4–5.) Additionally, Defendant has a history of narcotics and alcohol abuse. (*Id.*) According to the CDC, obesity and serious heart conditions are increased risk factors for experiencing serious complications from COVID-19. *See Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated August 14, 2020). Defendant, however, does not contend that his elevated BMI, heart murmur, or "hole in the heart" rise to the

level of either of these high-risk categories. Moreover, Defendant's medical records from the Bureau of Prisons (BOP) do not reflect any cardiovascular issues or concerns. (Gov't Opp'n at 4.) None of Defendant's other conditions are recognized by the CDC as COVID-19-related vulnerabilities. Accordingly, Defendant's medical conditions do not form a valid basis for compassionate release.

Defendant also contends that his living conditions at FCI Fort Dix provide inadequate protection from COVID-19. However, with no medical conditions that render him vulnerable to serious complications from COVID-19, Defendant's argument is essentially that this Court should make a finding that any individual who is held at FCI Fort Dix is experiencing extraordinary and compelling circumstances warranting release. This Court declines to reach that conclusion, especially considering the BOP's ongoing efforts to combat the threat posed by COVID-19 at its facilities, including FCI Fort Dix. (*See* Gov't Opp'n at 5–7.) Defendant also asks this Court to consider the substantial time that Defendant has served towards his 60-month sentence. Though Defendant has served more than 80% of his anticipated term of imprisonment, considering his expected good time credit, that does not merit granting his motion for compassionate release, when he has not otherwise met his burden. Defendant's request for a reduction in sentence and compassionate release is DENIED.

Dated: August 17, 2020
      New York, New York

                                              SO ORDERED.

                                              *George B. Daniels*
                                              GEORGE B. DANIELS
                                              United States District Judge